Appeal from a judgment of the Court of General Sessions, rendered on the 16th day of October, 1913, convicting defendant of attempting to commit the crime of abortion.

Judgment affirmed. No opinion. Present — Ingraham, P. J., McLaughlin, Laughlin, Dowling and Hotchkiss, JJ.; McLaughlin, J., dissented.

McLAUGHLIN, J. (dissenting): I am unable to concur with the other members of the court that the judgment of conviction should be affirmed; on the contrary, I think it should be reversed and the defendant discharged. When subdivision 2 of section 80 of the Penal Law is read in connection with subdivision 1 of the same section and prior statutes bearing on the same subject, I am of the opinion that one cannot be convicted under subdivision 2 of section 80 of the Penal Law of an attempt to commit an abortion without proving that the person upon whom the attempt was made was at the time pregnant. (*People* v. *Jaffe*, 185 N. Y. 497; *People* v. *Teal*, 196 id. 372.) As was said by BARTLETT, J., in the *Jaffe* case: " If all which an accused person intends to do would if done constitute no crime, it cannot be a crime to attempt to do with the same purpose a part of the thing intended." So, in the case at bar, had the defendant succeeded in doing all that she intended to do, she would not have committed the crime of abortion because the person upon whom she attempted to operate was not at the time pregnant. Her attempt, therefore, to operate, did not, I think, make her guilty of an attempt to commit an abortion.

---

EUGENE C. WILLIAMS, as President of ST. CHRISTOPHER CLUB, Respondent, *v.* ST. CHRISTOPHER CLUB OF NEW YORK, INC., Appellant.

Appeal from an order of the Supreme Court, entered on the 23d day of October, 1914, granting an injunction during the pendency of the action.

McLAUGHLIN, J.: The defendant appeals from an order enjoining it, during the pendency of the action, from using the name St. Christopher Club of New York, Inc., or any name similar thereto, or the name " St. Christopher A. C.," or " Red and Black Machine " or " St. Christopher Tigers." We think, upon the facts set out in this record, that the defendant was properly enjoined from using the name St. Christopher Club of New York, Inc., also from interfering with the " affairs, works, doings, proceedings and moneys " of the plaintiff. This is all the relief the plaintiff asked in the complaint, and is the extent to which the injunction should have been granted. The order appealed from, therefore, is modified as indicated, and as thus modified affirmed, without costs to either party. Ingraham, P. J., Scott, Dowling and Hotchkiss, JJ., concurred. Order modified as directed in opinion, and as modified affirmed, without costs. Order to be settled on notice.